IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| DAVID LEE POWELL | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-544-T |
| COOSA COUNTY JAIL, *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, David Powell, is currently incarcerated in the Coosa County Jail located in Rockford, Alabama. He filed this 42 U.S.C. § 1983 action on June 9, 2005 complaining that he has been denied adequate medical care and that his legal mail is opened out of his presence. He further alleges that the Coosa County Sheriff's Department failed to respond to a complaint he made in October 2002 about being shot at while driving in his car. Plaintiff names as defendants the Coosa County Jail, the Coosa County Sheriff's Department, Ricky Owens, Wendy Robertson, Al Bradley, Mrs. Kay, and Harris. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claim regarding the event which occurred in 2002 and his claims against the Coosa County Jail and the Coosa County Sheriff's Department are due to be dismissed prior to service pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

DISCUSSION

*1. The Coosa County Jail and the Coosa County Sheriff's Department*

The Coosa County Jail and the Coosa County Sheriff's Department are not legal entities subject to suit or liability under § 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims for relief made against these Defendants are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

*2. The 2002 Incident*

Plaintiff complains that the Coosa County Sheriff's Department failed to investigate a complaint he made in October 2002 that he had been shot at while driving in his car. To the extent Plaintiff alleges a claim of constitutional magnitude, it is barred by the statute of limitations.

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). . . . Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). Alabama's general two year statute

of limitations for personal injury actions is the most applicable to the case at bar. *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

Plaintiff complains about conduct which occurred in October 2002. That portion of the tolling provision which previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996. *See Ala. Code* § 6-2-8(a) (1975, as amended).[1] Nevertheless, prior to such recision, the running of the statute of limitations was tolled only for those convicted persons serving sentences less than life. It does not appear that Plaintiff was serving a term of imprisonment at the time the events about which he complains occurred. Under the facts of this case, the tolling provision of *Ala. Code* § 6-2-8(a) is, therefore, unavailing. Consequently, the applicable statute of limitations expired on Plaintiff's claim in 2004. Plaintiff filed the instant complaint on June 9, 2005 after the applicable limitations period had lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under § 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the

---

[1]The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision. In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . ." *Ala. Code* § 6-2-8(a)(1975).

complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n.2.  In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed with regard to the conduct which occurred in October 2002 as such claim is brought more than two years after the violations about which he complains accrued. The statutory tolling provision is unavailing. In light of the foregoing, the court concludes that Plaintiff's claims against the Coosa County Sheriff's Office which occurred

in 2002 are barred by the applicable statute of limitations and such claims are, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Coosa County Jail and the Coosa County Sheriff's Department be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. The Coosa County Jail and the Coosa County Sheriff's Department be dismissed as a party to this cause of action;

3. Plaintiff's claim(s) concerning events which occurred in October 2002 be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the claim(s) is not filed within the time prescribed by the applicable period of limitations; and

4. This case, with respect to the claims against the remaining defendants, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 27, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of June, 2005.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE