IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DAVID LEE POWELL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05-cv-00544-MHT-DRB |
| | ) |
| **RICKY OWENS, et al.,** | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' SPECIAL REPORT

COME NOW Coosa County Sheriff Ricky Owens, Wendy Roberson, Al Bradley, Kay Taylor, Dewayne Harris, and Steve Hay, Defendants in the above-styled cause, and submit their Special Report to the Court as follows:

### I.     INTRODUCTION

Plaintiff in this action, David Lee Powell, filed his Complaint in the United States District Court for the Middle District of Alabama on June 9, 2005. On June 15, 2005, the Magistrate Judge entered a Report and Recommendation that Plaintiff's claims against the Coosa County Jail and the Coosa County Sheriff's Department be dismissed as they are not legal entities subject to suit and that complaints concerning events which allegedly occurred in October 2002 be dismissed as they are barred by the applicable statute of limitations. On that same date, the Court also entered an Order for Defendants to file a Special Report. On July 17, 2005 the Court granted Defendants' Motion for Extension of Time until August 15, 2005, to file their Special Report and Answer. On August 3, 2005, the District Judge entered an Order adopting the Magistrate Judge's Report and Recommendation dismissing the Coosa County Jail and Coosa County Sheriff's Department as Defendants and dismissing all claims based on allegation barred by the statute of limitations.

On September 10, 2004, Plaintiff was arrested on charges of Possession of a Controlled Substance and Possession of Marijuana. (Exhibit A, Alacourt SJIS Reports, CC04-141 & CC04-142.) Plaintiff was booked into the Coosa County Jail that same day. (Exhibit B, Inmate File, Medical Screening Form dated September 10, 2004.) On February 25, 2005, Plaintiff was released on bond. (Exhibit A.) On May 5, 2005, Plaintiff was arrested for a violation of his probation after he attempted to use urine from another person on a routine drug test. (Plaintiff's Complaint, p. 7; Exhibit C, Medical Screening Form dated May 5, 2005.) On May 15, 2005, the Plaintiff was served with a charge of Possession of Marijuana in the First Degree. (Id.) On June 14, 2005, Defendant was found guilty on the charge of Possession of Marijuana in the First Degree as well as the violation of his probation (Exhibit D, Alacourt SJIS Case Detail, CC05-110; Exhibit E, Alacourt SJIS Case Detail, CC04-139.) He was sentenced to seven years confinement on each charge with the sentences to run concurrently. (Id.)

## II.     PLAINTIFF'S ALLEGATIONS

Plaintiff's only remaining claims concern allegations (1) that he was not taken to the dentist; (2) that he was charged with Possession of Marijuana because he filed suit; (3) that his legal mail is opened outside of his presence; (4) that his Miranda rights were not read to him at the time he was arrested for Possession of Marijuana; and (5) that there was a delay in getting non-prescription pain medicine and that the pain medicine gave him an upset stomach. (Plaintiff's Complaint, pp. 2-8)

Plaintiff requests monetary damages as well as injunctive relief. (Id.)

## III.    DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendants deny the allegations made against them by Plaintiff as being untrue and completely without basis in law or fact. Defendants affirmatively deny that they acted, or caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

(Exhibit F, Affidavit of Sheriff Ricky Owens, "Owens aff.," ¶ 4; Exhibit G, Affidavit of Wendy Roberson, "Roberson aff.," ¶ 3; Exhibit H, Affidavit Al Bradley, "Bradley aff.," ¶ 4; Exhibit I; Affidavit of Kay Taylor,[1] "Taylor aff.," ¶ 4; and Exhibit J, Affidavit of Steve Hay, "Hay aff.," ¶ 4.) Defendants followed all policies and procedures of the Coosa County Sheriff's Department and the Coosa County Jail. (Owens aff. ¶ 5; Roberson aff. ¶ 5; Bradley aff. ¶ 5; Taylor aff. ¶ 5; and Hay aff. ¶ 5.) Defendants raise the defenses of Eleventh Amendment immunity, qualified immunity, the absence of physical injury as required by the Prison Litigation Reform Act, the Heck v. Humphrey defense, and additional defenses presented below. Defendants reserve the right to add additional defenses if any further pleading is required or allowed by the Court.

A.   **FACTS**

   1.   **Medical Care**

It is the policy of the Coosa County Jail that all inmates are given necessary medical care and treatment. (Roberson aff. ¶ 6.)

Inmates who are in need of dental care are taken to the dentist in nearby Hanover, Alabama. Appointments are made with the dentist upon an inmate's request as appointments are available. However, the inmates with more severe problems are given priority over inmates with less serious problems. Just as it is with all dentists, appointments are not always available immediately when an inmate comes into the jail with a medically insignificant issue. (Roberson aff. ¶ 7.) Sergeant Plaintiff complained to Sergeant Roberson that he did not get to go the dentist as soon as he wanted to go. Plaintiff had been out of jail for three months - from February 2005 through May 2005. Even though Plaintiff had complained prior to his February 2005 release that he needed teeth extracted, during these three months he did not go to the dentist. When Sergeant Roberson pointed

---

[1] Attached hereto is an unsigned copy (submitted with the permission of the Affiant), Defendants request permission to submit a signed copy will be supplemented upon receipt.

this fact out to Plaintiff, and he answered that his teeth were not a priority while he was out of jail. (Roberson aff. ¶ 8). Plaintiff has now seen the dentist for extractions, and will be returning for additional extractions. (Roberson aff. ¶ 9).

On September 10, 2004, Plaintiff was given a routine medical screening. (Exhibit A.) On September 28, 2004, the following prescriptions were refilled: Zoloft, Combiven, and Benzaprine. (Exhibit K, Inmate File, Crew Drug Store Summary dated September 28, 2004.) His prescription for Benzaprine was refilled on October 12, 2004. (Exhibit L, Inmate File, Crew Drug Store Summary dated October 12, 2004.) His Zoloft prescription was refilled on October 13, 2004, November 1, 2004, November 15, 2004, and November 30, 2004. (Exhibit M, Inmate File, Crew Drug Store Summary dated October 13, 2004; Exhibit N, Inmate File, Crew Drug Store Summary dated November 1, 2004 through December 20, 2004.) On December 16, 2004, Plaintiff was taken to see Amy Barrett, CRNP. (Exhibit O, Doctor Visit Form dated December 16, 2004.) Nurse Barrett refilled Plaintiff's Zoloft at that time and prescribed Abluterol, Naprosyn, and Pen Vee K. (Id.) Plaintiff's Zoloft was refilled on December 28, 2004, January 18, 2005, and January 24, 2005. (Exhibit P, Inmate File, Crew Drug Store Summary dated December 28, 2004; Exhibit Q, Inmate File, Crew Drug Store Summary dated January 18, 2005; Exhibit R, Inmate File, Crew Drug Store Summary dated January 24, 2005.)

Plaintiff returned to the Coosa County Jail on May 5, 2005, and was given a routine medical screening. (Exhibit C.) He was seen by Martin Roach, D.O., for complaints of headache and leg pain on May 25, 2005. (Exhibit S, Inmate File, Doctor Visit Form dated May 25, 2005.) Dr. Roach prescribed Naprosyn for Plaintiff. (Id.; Exhibit T, Inmate File, Crew Drug Store Summary dated May 26, 2005.) On June 2, 2005, Plaintiff was taken to see Dr. Hampton for teeth extractions. Plaintiff was prescribed H-Codone and Amoxicillin. (Exhibit U, Inmate File, Doctor Visit Form

dated June 2, 2005; Exhibit V, Inmate File, Initial Examination Form; Exhibit W, Inmate File, Crew Drug Store Summary dated June 2, 2005; Exhibit X, Inmate File, Crew Drug Store Summary dated June 30, 2005.)

Plaintiff has at all times been given prescription medications per instructions from medical professionals. (Exhibit Y, Medication Administration Record; Exhibit Z, Inmate File, Inmate Request Form dated June 22, 2005.)

On May 16, 2005, Plaintiff requested that Officer Kay Taylor bring him some pain medication. Non-prescription pain medications that are requested by inmates are given out at the normal mealtimes and at bedtime. Officer Taylor is certain that Plaintiff did not ask her to bring him pain medication at least until after 6:00 p.m. because that is when her shift begins. Officer Taylor gave the Plaintiff Tylenol at the next time that medications were passed out, at bedtime around 10:00 p.m. She did not at any time give Plaintiff any medication with any knowledge that it would upset his stomach. (Taylor aff. ¶ 7.)

**2.     Charge of Possession of Marijuana in the First Degree/Miranda Warnings**

Plaintiff was charged with Possession of Marijuana in the First Degree. (Exhibit E.) Plaintiff was served with this charge while in the Coosa County Jail. (Roberson aff. ¶ 11.) He has not alleged that he was interrogated at the time he was served. (Plaintiff's Complaint.) Plaintiff pled guilty to this charge and was sentenced to seven years confinement. This conviction has not been reversed. (Exhibit E.)

**3.     Legal Mail**

It is the policy of the Coosa County Jail that "legal mail" will be opened in the presence of the inmate and checked for contraband, etc., but not read. (Roberson aff. ¶9.) All Defendants have

followed this policy and know of no instance where this policy has been violated. (Owens aff. ¶ 5; Roberson aff. ¶ 5; Bradley aff. ¶ 5 Taylor aff. ¶ 5; and Hay aff. ¶ 5.)

### 4. Administrative Segregation

On May 15, 2005, Plaintiff was placed in administrative segregation for 23 hours after stating that he was going to turn over the "mother f**king" lunch cart because he did not like his lunch. (Bradley aff. ¶ 7; Exhibit AA, Inmate File, Disciplinary Report.)[2]

### 5. Defendant Dewayne Harris

Plaintiff alleges that his rights were violated between September 20, 2004 and February 4, 2005. (Plaintiff's Complaint, p. 2.) During most of the time period that Plaintiff alleges that his rights were violated, Deputy Harris was not working at the Sheriff's Department because he was enrolled at the Alabama Advanced Criminal Justice Academy. He enrolled at the Academy on December 20, 2004, and graduated on March 18, 2005.

### B.   LAW

#### 1. Any claim by Plaintiff against Defendants in their official capacity must fail because they are not "persons" under 42 U.S.C.A. § 1983.

Any claims against Defendants in their official capacities must fail because 42 U.S.C.A. § 1983 prohibits a *person*, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C.A. § 1983 (emphasis added). The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Any claim against Defendants in their official capacities should therefore be dismissed because they are not "persons" under § 1983 and accordingly claims against them in their official capacity fail to state a claim upon which relief can be granted. Id.; Carr v. City of Florence, 918 F.2d 1521, 1525 n.3 (11th Cir. 1990).

---

[2] The remainder of Plaintiff's Inmate File that has not been previously referenced as a separate exhibit is attached hereto as Exhibit BB.

  **2.**  **Plaintiff's claims are barred by the Prison Litigation Reform Act because he has not suffered any physical injury as a result of the allegations in his Complaint.**

42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act requires that a plaintiff demonstrate that he suffered physical injury before instituting a complaint based upon jail conditions. The PLRA states the following concerning physical injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e).

The Eleventh Circuit has determined that the physical injury requirement of § 1997e(e) requires that a plaintiff demonstrate a physical injury that is more than *de minimis* although the injuries do not have to be significant. Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir.), vacated, 197 F.3d (11th Cir. 1999), reinstated in relevant part, Harris v. Garner, 216 F.3d 970 (11th Cir. 2000) (en banc). Plaintiff has certainly not demonstrated that he has suffered a physical injury that is more than *de minimis* - or any physical injury whatsoever - as a result of the allegations described in his Complaint. As a result, Plaintiff's claims are due to be dismissed pursuant to 42 U.S.C § 1997e(e).

  **3.**  **Defendants are entitled to summary judgment based on the defense of qualified immunity.**

    **a.**  **Qualified Immunity Standard**

Once a defendant has asserted the defense of qualified immunity, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right?" Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). The second inquiry is, if a constitutional violation is stated, were these rights "clearly established"

to the degree that these Defendants had "fair warning" that their conduct violated the plaintiff's constitutional rights? Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of these Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred. See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson, 483 U.S. 635, 640 (1987); Lancaster, 116 F.3d 1419, 1424 (11th Cir. 1997). "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega Board of Education, 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, he must still show that clearly established law provided the Defendants with fair warning that their conduct was unlawful. He may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to show that the conduct of the Defendants was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly

violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (citations omitted).

Defendants were carrying out their duties as public officials at all times relevant to Plaintiff's complaint. Therefore, the burden shifts to the Plaintiff to demonstrate a constitutional violation or showing that clearly established law provided the Defendants with fair warning that their conduct was unlawful. Plaintiff has not met this burden. There is no clearly established law that would provide Defendants with fair warning that their conduct as alleged by Plaintiff was unlawful.

### b.   Defendants have not violated Plaintiff's constitutional rights.

In order to prevail under 42 U.S.C. § 1983, Plaintiff must demonstrate that Defendants acted with deliberate indifference to a risk of serious harm. Purcell ex rel. Estate of Morgan v. Toombs County, GA, 400 F.3d 1313 (11th Cir. 2005). Plaintiff's allegations clearly do not rise to the level of deliberate indifference.

In reference to Plaintiff's medical claims, he must demonstrate that Defendants were deliberately indifferent to a serious medical condition. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. A prison or medical official may be held liable under the Eighth Amendment for actions with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Mere negligence does not suffice to prove deliberate indifference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("Deliberate indifference describes a state of mind more blameworthy than negligence."). Furthermore, where a prisoner has received medical

attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown. Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985).

Plaintiff has failed to show and there is no evidence showing that Plaintiff has had any serious medical condition. Further, the medical records show that Plaintiff was granted medical treatment on several occasions while incarcerated at the Coosa County Jail. Plaintiff has also been taken to the dentist for tooth extractions.

An inmate does not have a right to a *specific* kind of treatment. City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 246 (1983) (holding, "the injured detainee's constitutional right is to receive the needed medical treatment; *how [a municipality] obtains such treatment is not a federal constitutional question*") (emphasis added). Furthermore, this Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated the Plaintiff. See Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), cert. denied, 475 U.S. 1096 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments").

Furthermore, the Defendants do not have any kind of medical education, training or experience. They rely upon the professional judgment of medical professionals who have been retained to provide care to the inmates. While the Eleventh Circuit has not had an opportunity to

visit this issue, the Eighth Circuit has addressed a similar claim. In Meloy v. Bachmeier, 302 F.3d 845 (8th Cir. 2002), a former inmate sued several prison doctors, a nurse, and the prison's medical director[3] for failing to provide him with a positive air pressure machine needed to treat his sleep apnea. 302 F.3d at 847. Reversing the district court's denial of summary judgment for the director, the Eighth Circuit began by making some common sense observations. "A prison's medical treatment director who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions." 302 F.3d at 847 citing, Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). Further, the Meloy court stated "[p]rison officials cannot substitute their judgment for a medical professional's prescription." Id. citing, Zentmyer v. Kendall County, 220 F.3d 805, 812 (7th Cir. 2000). Finally, the court held:

> The law does not clearly require an administrator with less medical training to second-guess or disregard a treating physician's treatment decision. Because the law was not clearly established that [the director] was deliberately indifferent to [the plaintiff's] serious medical needs, [the director] is entitled to qualified immunity.

302 F.3d at 849.

Similarly, in the instant case Defendants are not medical professionals. Plaintiff was evaluated and treated by a medical doctor and dentist. Jail officials have followed their orders. Therefore, Defendants acted within constitutional parameters, and were in no way deliberately indifferent.

**4. Plaintiff's claim against Defendants Ricky Owens, Wendy Roberson, Dewayne Harris, and Steve Hay must fail because he has not alleged that they had any personal involvement in the alleged constitutional violation.**

Plaintiff does not allege that Defendants Ricky Owens, Wendy Roberson, Dewayne Harris, and Steve Hay were in any way personally involved in Plaintiff's alleged constitutional violation. In fact Plaintiff has not even made any specific allegations against these Defendants. Defendants

---

[3] The medical director was a trained and licensed nurse. 302 F.3d at 846.

therefore construe Plaintiff's claim against them as an attempt to hold them liable under a *respondeat superior* theory. To the extent Plaintiff seeks relief on that basis,

> [Supervisory] liability under § 1983 must be based on something more than a theory of *respondeat superior*. Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions and the supervising official and the alleged constitutional violation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.

Dolihite v. Maughon, 74 F.3d 1027, 1052 (11th Cir. 1996). There are absolutely no facts that show that these Defendants personally participated in any alleged constitutional violation. Therefore, Plaintiff's claims against Defendants are due to be dismissed.

    **5.    Plaintiff cannot state a claim for not being given a <u>Miranda</u> warning.**

Failure to read Plaintiff the <u>Miranda</u> warning cannot support a claim for a violation of Plaintiff's constitutional rights. See, e.g. Chavez v. Martinez, 538 U.S. 760, 772-773 (2003) ("[F]ailure to read <u>Miranda</u> warnings to [plaintiff] did not violate [plaintiff's] constitutional rights and cannot be grounds for a § 1983 action.") Further, Plaintiff has not shown that he was interrogated as would trigger the need for the <u>Miranda</u> warning. See e.g., U.S. v. Acosta, 363 F.3d 1141, 1148 (11th Cir. 2004) (The requirement that a <u>Miranda</u> warning be given is only triggered where there is "custodial interrogation." <u>Id.</u>) Accordingly, Plaintiff has not alleged a violation of his constitutional rights, and this claim is due to be dismissed.

    **6.    Plaintiff's Claims Arising out of his arrest and conviction for Possession of Marijuana in the First Degree are barred by the law set forth in <u>Heck v. Humphrey</u>.**

Plaintiff cannot state a claim for damages resulting from an alleged wrongful arrest or imprisonment because he cannot show that state charges are no longer pending and have been resolved in this favor. In <u>Heck v. Humphrey</u>, 512 U.S. 477, (1994), the Supreme Court held that, in

order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case, the Plaintiff is claiming, apparently, that there was no probable cause or statutory basis for his charge and ultimate conviction for the crime of Possession of Marijuana in the First Degree. If the Plaintiff prevails on the instant claim, it would render the state law conviction invalid. Heck bars adjudication of such a claim until the Criminal Defendant (Plaintiff in the instant case) can show his state law charge is no longer pending and has been resolved in his favor. Because Plaintiff's conviction has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus", the instant claim made by Plaintiff is barred.

**7.      Summary Judgment Standard**

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. Greason v. Kemp, 891 F.2d 829, 831. (11th Cir. 1990). However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested

witnesses.'" Reeves, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[4] "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Massachusetts School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

### IV.  CONCLUSION

Defendants deny each and every allegation made by Plaintiff David Lee Powell in the Complaint. Defendants have not acted in a manner so as to deprive Plaintiff of any right to which he is entitled.

### V.  MOTION FOR SUMMARY JUDGMENT

Defendants respectfully request that this Honorable Court treat their Special Report as a motion for summary judgment, and grant unto them the same.

Respectfully submitted this the 15th day of August, 2005.

> s/Amanda Allred
> KELLY GALLOPS DAVIDSON Bar Number: No. DAV123
> AMANDA ALLRED Bar No. ALL079
> Attorneys for Defendants
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive
> P.O. Box 240909
> Montgomery, Alabama 36124
> Telephone: (334) 262-1850
> Fax: (334) 262-1889
> E-mail: aallred@webbeley.com

---

[4] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

- 15 -

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 15th day of August, 2005, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

David Lee Powell<br>
ASI # 241477<br>
Kilby Correctional Facility<br>
P.O. Box 150<br>
Mt. Meigs, AL 36057

                                **s/Amanda Allred**
                                OF COUNSEL