IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

DAVID LEE POWELL,

    PLAINTIFF,

V.                                    CIVIL ACTION NO: 2:05-CV-544-MHT-DRB

COOSA COUNTY, ALABAMA, et al.,

    DEFENDANTS.

### Plaintiff's Response to Defendant's Answer and Special Report

Comes now, the Plaintiff, David Lee Powell, (hereinafter Plaintiff) by way of pro-se litigation and with the assistance of lay counsel submits the following response to the Defendant's Answer and Special Report:

The Defendant(s) are not entitled to the affirmative defense's as stated in their Answer and Special Report because although the Plaintiff was provided with some medical treatment. The unnecessary delay in prompt and adequate treatment caused the Plaintiff to suffer a tremendous amount of unnecessary pain at the hands of the Defendant's while they were acting under the color of law and the Plaintiff does not have to await a tragic event before obtaining relief. See <u>Farmer,</u> 511 U.S. at 845.

The deliberate act by the Defendant's while they were acting under the color of law of not providing the Plaintiff with prompt and adequate medical treatment was for the sole purpose to punish the Plaintiff for his complaints and was to chastise or deter him. Therefore the Defendant's are not entitled to qualified immunity because there was no legitimate government adequate medical treatment.

The Plaintiff's right to prompt and adequate medical treatment is **Clearly established** (emphasis added) to the degree that the Defendant's

1

had **fair warning** (emphasis added), that their failure to provide the Plaintiff with prompt and adequate medical treatment violated the Plaintiff's Constitutional Right. <u>Willingham v. Loughnan</u>, 341 F.3d 1299, 1301 (11th Cir. 2003) A reasonable competent official would and should have understood that what he/she was doing (failure to provide the Plaintiff with prompt and adequate medical treatment when it was obvious that the Plaintiff was in pain necessary for a doctor's attention) violates an individual rights.

The Defendant's failure to act was so obviously wrong, in light of pre-existing laws, that only a plainly incompetent officer would have done such a thing, thus, negating the immunity defense's. <u>Storck v. City of coral Springs</u>, 354 F.3d 1307, 1317 (11th Cir. 2003).

**WHEREFORE**, the premises considered, the Defendant's failure to act was deliberately done and created a risk of serious harm to the Plaintiff, thus, violating the Plaintiff's Constitutional Rights.

Respectfully submitted this 14 day of September, 2005.

*David Lee Powell*
David Lee Powell
AIS #241477 Dorm 10B
P.O. Box 767
Clayton, AL. 36016-0767

## CERTIFICATE OF SERVICE

I, David L. Powell, certify that on this 14 day of September, 2005, I have mailed a copy of the foregoing to the following:

    Webb & Eley, P.C.
    P.O. Box 240909
    Montgomery, AL. 36124

by placing the same inside the Ventress Correctional Facility legal mail box postage to be pre-paid and affixed by the institution's legal mail department.

*David L. Powell*
David L. Powell

2